Wang v. Lynch

BIA
Vomacka, IJ
A205 195 228

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand seventeen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

JUN WANG,
> *Petitioner,*

v.                                              15-771

NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Richard Tarzia, Belle Mead, N.J.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Kohsei
                           Ugumori, Senior Litigation Counsel;
                           Nehal H. Kamani, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jun Wang, a native and citizen of China, seeks review of a February 24, 2015, decision of the BIA affirming a March 25, 2013, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Wang,* No. A205 195 228 (B.I.A. Feb. 24, 2015), *aff'g* No. A205 195 228 (Immig. Ct. N.Y. City Mar. 25, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Wang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," and inconsistencies in his statements or documents, "without regard to whether" those

2

inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  As discussed below, substantial evidence supports the credibility determination.

Initially, we note that Wang does not challenge the agency's reliance on either his omission from his application of a two-month visit to Cuba or his omission from his testimony that he was beaten with a baton.  These omissions therefore stand as appropriate bases for the credibility determination. *See id.* at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The adverse credibility determination was also properly based on the inconsistencies concerning where Wang's father and brother lived.  *Xiu Xia Lin*, 534 F.3d at 163-64.  Wang testified that his father and brother had lived in the United States for several years and that his father had been denied asylum; however, he stated at his border patrol interview that

his father lived in China, and he stated at his credible fear interview that his cousin was his only relative living in the United States. Although these false statements are not material to the asylum claim, they provide further support for the credibility determination. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters 'collateral or ancillary to the claim,' the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal citation omitted)).

Wang does not challenge the agency's finding that his lack of corroboration further undermined his credibility. *See Norton*, 145 F.3d at 117. And that determination was reasonable because Wang failed to submit letters from his mother in China, his father in the United States, his aunt in China (in whose home he supposedly hid for month), or any fellow parishioners (either in China or in the United States). *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that "[a]n applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question" or is viewed as suspicious).

4

Based on the foregoing inconsistencies, omission, and insufficient corroboration, which call into question both Wang's claim of past harm and his fear of future harm, the totality of the circumstances supports the credibility determination, which is dispositive of asylum, withholding of removal, and CAT relief. *Xiu Xia Lin*, 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk